# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT FRANKFORT
# CIVIL CASE NO: 10-31-GFVT-JGW

JOHN KEVIN STEELE,                                           PETITIONER,

V.

KENTUCKY ALTERNATIVE PROGRAM 030,              RESPONDENT.

## REPORT & RECOMMENDATION

On April 30, 2010, petitioner John Kevin Steele filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, the matter has been referred the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I. Preliminary Review**

Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides for preliminary review by the court prior to serving the respondent with a copy of the motion and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Preliminary review by this court mandates dismissal of the petition without requiring a formal response to be filed, because petitioner has clearly failed to exhaust his available state court remedies as required for relief.

**II. Analysis**

**A. Exhaustion is Required**

The petitioner challenges a February 18, 2010 state court conviction for what this court

presumes to be civil contempt.[1] According to the allegations in the petition, which are taken as true for purposes of preliminary review, petitioner was sentenced to a term of six months by Senior Status Judge Steve Mershon based upon petitioner's failure to comply with a court order requiring him to pay child support and maintenance. An order from the trial court attached to the petition reflects that petitioner was sentenced to serve 180 days in the county jail for contempt, but was granted work release during his period of incarceration. Petitioner's application to proceed *in forma pauperis* in this court states his place of incarceration as "in home." *See* Doc.2.

The face of the petition, submitted on the AO 241 form standard for federal petitions for writ of habeas corpus, reflects that petitioner has appealed his conviction to the Kentucky Court of Appeals. His appeal remains pending.

In addition to his pending state court appeal, which presents substantially the same grounds as are presented in this federal petition,[2] the petition indicates that petitioner also filed a state court petition for writ of habeas corpus in that Shelby County Circuit Court. Petitioner states that his state court petition for writ of habeas corpus was denied by the trial court on March 10, 2010,[3] and that he did not appeal the denial of his state court petition.

This federal petition must be dismissed because petitioner has failed to exhaust his state

---

[1] The record is not entirely clear as to whether petitioner is incarcerated on a state court charge of criminal or civil contempt.

[2] Petitioner suggests that his pending appeal seeks review of the denial of his petition to proceed *in forma pauperis*. However, he also represents that the issues concern petitioner's financial condition, and that the issues presented in that appeal are substantially the same as those presented in this federal petition.

[3] Inexplicably, petitioner states that he filed the state court petition on April 8, 2010 - a date that falls after the petition was denied. The obvious error in the filing date has no impact on this court's analysis.

court remedies as is required by 28 U.S.C. §2254(b)(1)(A). A petitioner who retains the right to raise in state court "by any available procedure...the question presented," has not exhausted his state court remedies. 28 U.S.C. §2254(c).

Dismissal rather than staying this proceeding is appropriate because petitioner can refile his petition - if necessary- following completion of state court review. A stay is unnecessary to preserve his one-year statute of limitations applicable to petitions brought under §2254. Because petitioner's conviction has not yet been finalized by Kentucky's courts, that one-year limitation period has not yet begun to run. *See generally Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528 (2005)(holding that stay and abeyance procedure should be available only in "limited circumstances").

Petitioner complains that requiring him to first exhaust his state court remedies would be "futile and ineffective because his sentence would be over by the time the appellate court rendered a decision." Doc. 1 at 5. I disagree.

Pursuant to 28 U.S.C. §2254(b), a failure to exhaust state court remedies may be excused in rare cases, where "there is an absence of available State corrective process" or where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1)(B)(I) and (ii) . The statutory exceptions to the exhaustion requirement are construed narrowly since "it would be unseemly in our dual system of government for the federal courts to upset a state-court conviction without affording to the state courts the opportunity to correct a constitutional violation." *Duckworth v. Serrano*. 454 U.S. 1, 4, 102 S.Ct. 18, 20 (1981).

Cases in which a court has deemed exhaustion to be an "exercise in futility" are rare, but

include cases in which the state process involves inordinate delay directly attributable to the state. *See Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005)(nearly 11 year direct appeal process deemed "ineffective"); *Workman v. Tate*, 957 F.2d 1339 (6th Cir. 1992)(petition for post-conviction relief pending in state courts for more than three years without disposition). In contrast to those cases, the remedies sought by petitioner in state court appear - at least to date - to have been adjudicated quickly.

The mere fact that petitioner may have completed his sentence of home incarceration by the time his current state court appeal is resolved does not render the exhaustion requirement "futile." A petition for writ of habeas corpus is not rendered moot by a petitioner's release from imprisonment, so long as collateral consequences flow from a conviction that permits continued review. *See Gall v. Scroggy*, ___F.3d ___, 2010 WL 1711204 (6th Cir. 2010); *Servier v. Turner*, 742 F.2d 262 (6th Cir. 1984)(petitioner who had been released from incarceration on contempt charge arising from failure to pay child support was not in custody, where collateral consequences were identified). At least one court also has recognized the viability of habeas relief on similar facts, despite the petitioners' release from incarceration, where the civil contempt for failure to make child support payments was capable of repetition yet evading review. *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986). In all cases, however, exhaustion (or proof of an applicable exception) is a prerequisite to federal relief. *See also generally Ellman v. Davis*, 42 F.3d 144 (2d Cir. 1994)(holding that petitioner who sought to challenge contempt convictions failed to exhaust by failing to present constitutional issues first to state court).

**B. Issues Presented Cognizable Under §2254**

Separate and apart from the exhaustion issue, preliminary review of this petition raises

the question of whether the issues presented are cognizable in a petition filed pursuant to 28 U.S.C. §2254. Issues of domestic relations are traditionally reserved to the state courts. In *Servier v. Turner*, 742 F.2d 262 (6th Cir. 1984), the Sixth Circuit held in a similar case that federal courts should not abstain from interfering in contempt hearings for failure to pay child support, unless or until a petitioner could demonstrate that a state court was unable or unwilling to correct the alleged constitutional defect; *see also Parker v. Turner*, 626 F.2d 1 (6th Cir. 1980)(discussing application of *Younger* abstention principles to civil contempt proceedings arising out of domestic relations proceedings, but noting possibility of habeas relief after demonstration of exhaustion or futility of exhaustion). Nevertheless, at least one court has held that a constitutional challenge to a civil contempt order for failure to pay child support is cognizable in habeas corpus so long as the petitioner has first exhausted available state court remedies. *See Leonard v. Hammond*, *supra*. Because the petitioner in this case has clearly failed to exhaust his available state court remedies, this court need not determine whether the doctrine of *Younger* abstention would otherwise apply.

### III. Conclusion and Recommendation

The petition as presented is unexhausted. Accordingly, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus [Doc. #1] be **denied** and that this case be dismissed without the necessity of requiring the Respondent to file a written response. The undersigned further recommends that a courtesy copy of this Report & Recommendation be served upon the Attorney General for the Commonwealth of Kentucky.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed.

R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This 1st day of June, 2010.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge