UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

| | ) | |
|---|---|---|
| JOHN KEVIN STEELE. | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 10-31-GFVT-JGW |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY ALTERNATIVE | ) | **ORDER** |
| PROGRAM 030, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon Mr. John Kevin Steele's pro se petition for a writ of *habeas corpus*, filed pursuant to 28 U.S.C. § 2254. [R. 1] Consistent with local practice, this matter was referred to Magistrate Judge J. Gregory Wehrman for review and preparation of a report and recommendation. Judge Wehrman filed his Recommended Disposition [R. 7] on June 1, 2010. Therein, he recommends that Steele's petition be denied as Steele has not exhausted remedies available to him in the state courts before seeking relief. [R. 7 at 1.]

Pursuant to Fed. R. Civ. P. 72(b)(2) a petitioner has fourteen days from the date of service to register his objections to the report and recommendation or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the report and recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309 at \*2 (6th Cir. 1997) (unpublished opinion)). A

general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509. (6th Cir. 1991). The Court has reviewed the record, including the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the reasons set forth below, Steele's objection to the recommended disposition is OVERRULED.

## I.

Steele filed his petition for a writ of *habeas corpus* on April 30, 2010. [R. 1.] In that petition, Steele explains that he was "convicted" of contempt for "willful failure to pay child support" and for "willful failure to pay alimony." [Id.] As a result, he was sentenced to six months home incarceration on February 18, 2010. [Id.] It is unclear if the contempt was civil or criminal in nature. [R. 7 at FN1; R. 9 at 2.] In his application he states that an appeal is pending with the Kentucky Court of Appeals at docket number 03-CI-000619. [R. 1 at 2.] On March 8, 2010, Steele filed a state *habeas* petition and an application for *in forma pauperis* status with the Shelby Circuit Court. [R. 9 at 6.] This IFP application was denied. [R. 9 at 6.]

Consistent with local practice, this matter was referred to Magistrate Judge J. Gregory Wehrman who recommended that Steele's petition be denied on the grounds that he has failed to exhaust remedies available to him in the state courts. [R. 7 at 1.] Steele objected to this finding on June 15, 2010 [R. 8] and then filed amended objections on June 16. [R. 9.] As the objections were timely filed, they trigger this Court's obligation to conduct a *de novo*

general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509. (6th Cir. 1991). The Court has reviewed the record, including the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the reasons set forth below, Steele's objection to the recommended disposition is OVERRULED.

## I.

Steele filed his petition for a writ of *habeas corpus* on April 30, 2010. [R. 1.] In that petition, Steele explains that he was "convicted" of contempt for "willful failure to pay child support" and for "willful failure to pay alimony." [Id.] As a result, he was sentenced to six months home incarceration on February 18, 2010. [Id.] It is unclear if the contempt was civil or criminal in nature. [R. 7 at FN1; R. 9 at 2.] In his application he states that an appeal is pending with the Kentucky Court of Appeals at docket number 03-CI-000619. [R. 1 at 2.] On March 8, 2010, Steele filed a state *habeas* petition and an application for *in forma pauperis* status with the Shelby Circuit Court. [R. 9 at 6.] This IFP application was denied. [R. 9 at 6.]

Consistent with local practice, this matter was referred to Magistrate Judge J. Gregory Wehrman who recommended that Steele's petition be denied on the grounds that he has failed to exhaust remedies available to him in the state courts. [R. 7 at 1.] Steele objected to this finding on June 15, 2010 [R. 8] and then filed amended objections on June 16. [R. 9.] As the objections were timely filed, they trigger this Court's obligation to conduct a *de novo*

review on all specific objections raised in Steele's objection. *See* 28 U.S.C. § 636(b)(1). Steele's objections are, for the most part, general in nature and not in response to the Magistrate's findings. Steele spends pages opining on the unjust laws governing child support and the Government's " 'carrot and stick' federalization of family law programs" that result in Constitutional violations being committed "**annually** against at least dozens, *if not hundreds,* of Citizens of Kentucky." [R. 9 at 1 (emphasis in original).] The Court is under no obligation to respond to these general critiques. Steele also incorrectly argues that the Shelby County Circuit Judge who heard his state case is not a judge because he has never taken the Kentucky oath of office.[1] Amid these distractions, Steele does, arguably, present a specific objection to the Magistrate Judge's finding that he had not fully exhausted his state remedies. He argues that, for all practical purposes, the state court's denial of his *in forma pauperis* application exhausted his ability to further appeal the denial of his state *habeas* petition. [R. 9 at 6.]

    Before reviewing the objection, the Court must address the issue of timing in this case. The Court recognizes the significant delay between issuance of the Magistrate Judge's report and recommendation and this Court's review. It is likely that many of the issues in this case have been resolved and are moot. The original sentence imposed was only six months (home incarceration) and nearly three years have passed since the petition was filed. This, however, does not alleviate the Court of its responsibility to consider the petition. As explained by the Magistrate Judge in his report, a petition for *habeas corpus* is not

---

[1] Steele attaches an affidavit from the Secretary of State's Office to support his contention that the Circuit Judge was, in fact, not a judge as he had not taken the oath of office. The affidavit reflects that no "Steve Merchon" has taken the oath of office. It fails to consider, however, whether "Steve Mershon" has taken such an oath.

necessarily rendered moot just because the petitioner is no longer imprisoned. It is possible that collateral consequences resulting from that conviction justify relief. See *Gall v. Scroggy*, 603 F.3d 345 (6th Cir. 2010).

## II.

The Magistrate Judge recommends the petition for *habeus corpus* be denied and the case be dismissed as Steele had failed to exhaust state remedies. [R. 7.] Steel argues that he has effectively exhausted all avenues of relief in the state courts because his application to proceed *in forma pauperis* in appealing the state *habeas* denial was denied by the Shelby County Circuit Court. [R. 9.] This is incorrect because, despite the Court rejecting his IFP request on the state *habeas* issue, other avenues of state relief did exist. First, Steele admitted in his Federal *habeas* petition that 2003-CI-000619 was pending before the Court of Appeals. Second, we know this was available to him because the Kentucky Court of Appeals did consider, and ultimately affirm, the trial judge's contempt order on January 13, 2012. See *Steele v. Steele*, 2010-CA-000432-MR, 2012 WL 95423 (Ky. Ct. App. Jan. 13, 2012). Not only were state avenues of relief available, he was utilizing them when he filed this petition for *habeas*.

It is clear that, at the time of the filing of his *habeas corpus* petition, Steele had not exhausted his state court remedies. Furthermore, the denial of his IFP motion did not prevent him from appealing the underlying State Court ruling. The Kentucky Court of Appeals considered his appeal and affirmed the trial court. This confirms the Magistrate Judge's finding. Steele's petition was premature as he had not exhausted state avenues of relief.

**III.**

As was addressed, *Supra I*, timing in this case is unique. The Court has concluded that, as of the filing of the petition, Steele had not exhausted State remedies. For this reason, it is the decision of this Court that the case shall be **DISMISSED** without prejudice. If Steele sufficiently exhausts his state remedies and then feels *habeas* relief is appropriate, he may again petition this Court for relief.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that the Magistrate Judge's recommended disposition [R. 7] is **ADOPTED** as and for the opinion of this Court.

This the 2nd Day of January 2014

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge